UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 3 2012

JAMES REEDOM,

        Plaintiff,

v.

SABRA A. CRAPPELL, *et al.*,

        Defendants.

Civil Action No. **12 1211**

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. CONST. art. III, § 2), *cert. denied*, __ U.S. __, 129 S. Ct. 1918 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998. In the instant action, plaintiff appears to assert the rights of his brother, Robert Reedom, who allegedly was injured severely in an accident on April 24, 2012. Plaintiff has no standing to assert claims on his



brother's behalf, and, therefore, the complaint must be dismissed.   An Order is issued separately.

_____
United States District Judge

DATE: 7/16/12